IN THE UNITED STATES DISTRICT COURT  RECEIVED CLERK'S OFFICE
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION                2017 AUG -1 ᴀ 8: 02

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| Lavadre Butler, #337779, <br> a/k/a Lavadre D. Butler, <br> a/k/a Lavadre Dashun Butler, <br><br> Plaintiff, <br><br> v. <br><br> Trevor Bessinger, <br> Lisa Young, <br> Gregory Washington, <br> Mr. Escalyne, <br> Mr. Suarez, <br> Mr. Braddy, <br> Mr. Shorter, <br> Mr. Williams, <br> Mr. Wilson, <br><br> Defendants. | Case No 4:16-cv-3662-RMG <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. &R.") of the Magistrate Judge (Dkt. No. 50) recommending that the Court dismiss the action without prejudice as to Defendants Escalyne and Wilson pursuant to either Rule 41(b) or Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons below, this Court declines to adopt the R. & R. (Dkt. No. 50) and denies without prejudice Plaintiff's motion to amend the complaint (Dkt. No. 52).

**I.  Background and Relevant Facts**

Plaintiff, a state prisoner proceeding *pro se*, filed this action on November 15, 2016, alleging claims of excessive force and deliberate indifference to a serious medical need under 42 U.S.C. § 1983. (Dkt. No. 1.) On March 22, 2017, the Magistrate authorized service of process. (Dkt. No. 24). On April 3, 2017, the summonses for all Defendants were re-issued after the Court

granted Plaintiff's motion for assistance from the U.S. Marshals Service for assistance with service of process. (Dkt. Nos. 28, 30). All the summonses were returned executed except for the summonses for Defendants Escalyne and Wilson. The notation on the unexecuted summonses indicated that there was no employee by the name of Escalyne and there were several employees with the last name "Wilson." (Dkt. Nos. 33, 34.) On June 1, 2017, the Magistrate ordered Plaintiff to provide new summonses and Forms USM-285 for Escalyne and Wilson with more specific information. Plaintiff did not respond to that order or complete service documents. For this reason, the Magistrate has recommended that this Court dismiss the action as to Defendants Escalyne and Wilson for either (1) Plaintiff's failure to prosecute and/or failure to comply with orders of the court under Rule 41(b), or (2) Plaintiff's failure to serve Defendants Wilson and Escalyne within ninety (90) days after the complaint was filed under Rule 4(m). (Dkt. No. 50 at 3.)

## II. Legal Standard - Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

Plaintiff has filed objections to the R. & R. (Dkt. No. 50) and a motion for extension of time to amend his complaint (Dkt. No. 52), indicating in both that he is diligently pursuing

information that will allow him to properly serve defendants Escalyne and Wilson. Plaintiff appears to be making his best efforts to serve these two defendants. This Court finds it would be inappropriate to *sua sponte* dismiss the action against these two defendants under the present circumstances. *See Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (District court abused its discretion in dismissing civil rights case filed by state inmate, proceeding *pro se* and *in forma pauperis*,[1] against correctional officers for failure to effect service, where inmate largely identified defendants and provided information relevant to distinguishing which of officers at facility with same last name was subject of his complaint, and district court failed to determine whether defendants could be located with reasonable effort.)

## IV. Conclusion

For the reasons discussed above, the Court declines to adopt the R. & R. (Dkt. No. 50.) Plaintiff will have until September 29, 2017 to serve Defendants Escalyne and Wilson. Plaintiff's motion for extension of time to amend the complaint (Dkt. No. 52) is denied without prejudice. Plaintiff may seek to amend his complaint if and when he has grounds to do so.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 3 6, 2017
Charleston, South Carolina

---

[1] Plaintiff Butler is proceeding *pro se* but is not proceeding *in forma pauperis*.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

RECEIVED CLERK'S OFFICE
2017 AUG -1 A 8:02

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 9:17-cv-924-RMG |
| ) | |
| v. ) | |
| ) | |
| CRITTER MANAGEMENT, INC., ) | |
| JOSEPH MAFFO, ) | |
| ELEANOR MAFFO, ) | **JUDGMENT AND PERMANENT** |
| DANA MAFFO, and ) | **INJUNCTION BY CONSENT** |
| VINCENT MAFFO, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Parties' Consent Motion for Entry of Judgment and Permanent Injunction. (Dkt. No. 16.) The Court having reviewed the submissions, as stipulated and consented to by the parties, hereby finds as follows:

1. Plaintiff, the United States of America, has filed a complaint seeking a permanent injunction against Defendants under 26 U.S.C. § 7402(a).

2. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, (collectively, "Defendants") admit for purposes of this injunction that the Court has personal jurisdiction over them and subject matter jurisdiction over this matter without admitting any of the other allegations in the complaint.

3. Defendants waive the entry of findings of fact and conclusions of law and voluntarily consent to the entry without further notice of this permanent injunction under 26 U.S.C. § 7402(a) and agree to be bound by its terms.

4. Defendants further understand and agree that:

   a. This Judgment and Permanent Injunction by Consent will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a Final Judgment against them in this matter;

   b. Defendants waive any right they may have to appeal from this Judgment and Permanent Injunction by Consent;

   c. The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing this Judgment and Permanent Injunction by Consent;

   d. If Defendants violate this injunction, they may be subject to civil and criminal sanctions for contempt of court;

   e. The United States may conduct full post-judgment discovery to monitor compliance with this injunction; and

   f. Entry of this Judgment and Permanent Injunction by Consent resolves only this civil injunction action, and neither precludes the United States, or any of its agencies, from pursuing any other current or future civil or criminal matters or proceedings, nor precludes Defendants from contesting their liability in any other matter or proceeding.

Accordingly, it is hereby ORDERED and ADJUDGED that the Joint Motion for Entry of Judgment and Permanent Injunction by Consent (Dkt. No. 16) is **GRANTED**.

It is FURTHER ORDERED and ADJUDGED pursuant to 26 U.S.C. § 7402(a) that:

1. Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo (individually and doing business under any other name or using any other entity) and Critter Management, Inc., and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, are prohibited from failing to withhold and pay to the IRS all employment taxes, including federal income, FUTA, and FICA taxes, required by law;

2. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, shall segregate and hold separate and apart from all other funds all monies withheld from employees or collected from others for taxes under any internal revenue laws of the United States and to deposit the monies so withheld and collected, as well as the employer's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, shall deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

4. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, and any other individuals who are responsible for carrying out the duties established under paragraphs B. and C. above, shall, for a period of five years, sign and deliver affidavits, letters, or other correspondence signed under penalty of perjury pursuant to 28 U.S.C § 1746 to RO Clegg, 9 Park of Commerce Blvd., Ste. 107, Savannah, GA 31405, or to such other

specific location as the IRS may direct, on the first day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

5. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, shall timely file all Form 941 and 940 tax returns with RO Clegg, 9 Park of Commerce Blvd., Ste. 107, Savannah, GA 31405 or to such other specific location as directed by the IRS;

6. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo shall timely pay all required outstanding liabilities due on each tax return required to be filed;

7. Critter Management, Inc., Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, are prohibited from assigning any property or rights to property or making any disbursements before paying all required outstanding liabilities due on each tax return required to be filed going forward from the date of this Judgment and Permanent Injunction by Consent; and

8. Joseph Maffo, Eleanor Maffo, Dana Maffo, and Vincent Maffo shall notify the IRS in the future of any new company they may individually or jointly come to own, manage, or work for in the next five years.

IT IS FURTHER ORDERED and ADJUDGED that this Court retains jurisdiction over this case to ensure compliance with this Judgment and Permanent Injunction by Consent and that

the United States may conduct full post-judgment discovery to monitor compliance with the injunction.

    AND IT IS SO ORDERED.

                                                                       Richard M. Gergel
                                                                       United States District Court Judge

July 31, 2017
Charleston, South Carolina